IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FOAD KARIM FARAHI,

    Petitioner,

v.                                                     No. 1:25-cv-00793-MLG-JFR

MELISSA ORTIZ, in her official capacity
as Warden of the Torrance County Detention Center;
MARISA FLORES, in her official capacity as
Acting Director of Immigration and Customs
Enforcement's Enforcement and removal Operations
El Paso Field Office; TODD M. LYONS, Acting Director
of Immigration & Customs Enforcement; KRISTI
NOEM, in her official capacity as Secretary of the
Department of Homeland Security; and PAMELA
BONDI, in her official capacity as Attorney General,

    Respondents.

## ORDER PARTIALLY GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Foad Karim Farahi, an Iranian citizen, was detained in Florida 197 days ago pursuant to a final order of removal to Kuwait, where Farahi was born. Doc. 1 ¶¶ 15, 21, 23, 40, 42. Farahi's Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenges his continued detention. The Petition seeks Farahi's immediate release and a declaration that his detention violates the Due Process Clause of the Fifth Amendment to the United States Constitution. Doc. 1. at 13 ¶¶ 3-7. Farahi also argues that his detention violates 8 U.S.C. § 1231, the codification of Section 241 of the Immigration and Nationality Act ("INA"). Doc. 1 at 8-9. Having considered the relevant law and the parties' filings, the Court concludes Farahi is entitled to release, and therefore, the Court grants the Petition in part.

1

**LEGAL STANDARD**

Federal courts have jurisdiction under 28 U.S.C. § 2241 to hear challenges to post-removal-period detentions like the one presented here. *See Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001) (concluding that "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention"); *see also Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (providing that "[c]hallenges to immigration detention are properly brought directly through habeas"). When evaluating such claims, "the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal." *Zadvydas*, 533 U.S. at 699. "[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699-700.

**DISCUSSION**

The constitutionality of Farahi's continued detention pursuant to 8 U.S.C. § 1231(a)(6) is limited to a "period reasonably necessary to bring about . . . [his] removal from the United States." *See Zadvydas*, 533 U.S. at 689. Because *Zadvydas*'s "presumptively reasonable" six-month period[1] of post-removal detention has passed in this case,[2] if Farahi "provides good reason to believe that

---

[1] This six-month period is commonly calculated as 180 days. *See, e.g.*, *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90–day removal period plus 90 days thereafter."). In this case, the 180th day fell on December 21, 2025. But even assuming the period ended on December 24, 2025—six months after his detention on June 24, 2025—Farahi's detention has surpassed that by two weeks. *See* Doc. 1 ¶ 1.

[2] Respondents' Motion to Dismiss Petitioner's Writ of Habeas Corpus ("Motion"), Doc. 24, argues the Court lacks subject matter jurisdiction to review Farahi's challenge because his claims are not ripe. Doc. 24 at 2, 6. Respondents did not argue that Farahi's claims are unripe under the test for determining ripeness. *See, e.g.*, *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995) (describing two-factor ripeness test). Instead, they argued that the claims were not ripe because Farahi had not yet been detained beyond *Zadvydas*'s "presumptively reasonable" six-month period. Doc. 24 at 2, 6. This argument has been rendered moot by the passage of time.

2

there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

The Court concludes Farahi met his initial burden. Since filing his Petition on August 15, 2025, Farahi has maintained that his removal is not "reasonably foreseeable" because he was granted withholding of removal to Iran, and he has no lawful status in any other country, including Kuwait. *See* Doc. 1 ¶¶ 22, 28, 52-53, 58-59, 66; Doc. 34 at 2; Doc. 45. According to Farahi, federal Respondents have not identified a third country to which they intend to remove him. *Id.* ¶ 53; Doc. 45-1 ¶ 10. On similar facts, other courts have concluded that a petitioner has provided a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. *See, e.g.*, *Zhuzhiashvili v. Carter*, No. 25-3189-JWL, 2025 WL 2837716, at *2 (D. Kan. Oct. 7, 2025) (finding the petitioner met his burden under *Zadvydas* "because he cannot be removed to his home country under the withholding order, officials must find a third country that is willing to accept him; and officials have made no progress towards his removal or even identified a possible destination"); *Trejo v. Warden of ERO El Paso E. Montana*, No. EP-25-CV-401-KC, 2025 WL 2992187, at *5 (W.D. Tex. Oct. 24, 2025) (determining the petitioner met his "initial burden under *Zadvydas*" because he could not be removed to the only country where he was a citizen and ICE had "not identified a third country that will accept him"); *Aguilar v. Noem*, No. 25-CV-03463-NYW, 2025 WL 3514282, at *5 (D. Colo. Dec. 8, 2025) (concluding the petitioner made a sufficient showing under *Zadvydas* because he had been "granted withholding of removal to his only country of citizenship and there [we]re no other countries currently identified that would accept him").

Accordingly, the burden shifts to the government to rebut Farahi's showing. *See Zadvydas*, 533 U.S. at 701. Given their inability to remove Farahi to Kuwait[3] or Iran, federal Respondents are seeking to remove Farahi to a third country. *See* Doc. 41 at 2-3 (citing 8 U.S.C. §1231(b)(2)(E)); Doc. 34-1 ¶ 8. So far, federal Respondents have not provided documentation of any action they have taken to effectuate Farahi's removal to a third country (beyond referring his case for removal to a third country). *See* Doc. 34-1 ¶ 8; Doc. 44. As of January 6, 2026, federal Respondents have not identified a third country to which they are actively seeking Farahi's removal. *See* Docs. 44; 34-1. Federal Respondents acknowledge that removing Farahi to a third country "may take time" but do not provide any details that would assist the Court with understanding how much longer the removal process will take. Doc. 41 at 3. In short, they have no plan.

Based on federal Respondents' failure to rebut Farahi's showing, it appears "there is no significant likelihood of removal in the reasonably foreseeable future." *See Zadvydas*, 533 U.S. at 701 ("[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink."); *Vishal v. Chestnut*, No. 1:25-CV-01469-SAB-HC, 2025 WL 3511815, at *3 (E.D. Cal. Dec. 8, 2025) (concluding that the respondents failed to rebut the petitioner's showing because "[r]espondents do not provide any details whatsoever regarding what actions have been and are being taken in pursuing [p]etitioner's removal to a third country"); *Diaz-Cruz v. Noem*, No. 25-3162-JWL, 2025 WL 2806780, at *3 (D. Kan. Oct. 2, 2025) (determining that the respondents failed to meet their

---

[3] The federal Respondents in this case were unsuccessful in their efforts to remove Farahi to Kuwait because, on September 30, 2025, the Consulate General of Kuwait in Los Angeles denied Immigration and Customs Enforcement's ("ICE") request to issue travel documents for Farahi "as he is NOT a citizen or national of the State of Kuwait." Doc. 41-2.

burden because they "have not been able to provide evidence or even point to any specific fact that creates a significant likelihood that, even though officials effectively have taken no affirmative steps to remove petitioner in the last eight months, petitioner will nonetheless be removed in the reasonably foreseeable future."). Respondents have not presented any other justification for continuing to detain Farahi pending his removal. *See* Doc. 44 at 1 (withdrawing argument suggesting that Farahi's failure to comply with requests related to removal efforts provides a legal basis for continued detention). Accordingly, the Court concludes Farahi's continued detention is "unreasonable and no longer authorized by statute." *See Zadvydas*, 533 U.S. at 699-700.

## CONCLUSION

The Court grants the Petition in part,[4] as set forth above, denies Respondents' Motion to Dismiss, Doc. 24, and orders the following:

(a) Respondents must release Farahi under appropriate conditions of supervised release by 5 p.m. Thursday, January 8, 2026.

(b) Respondents must file a status report with the Court by 5 p.m. Friday, January 9, 2026, confirming Farahi's release from custody.

(c) The hearing scheduled for 10:30 a.m. Friday, January 9, 2026, is hereby vacated.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[4] Farahi's other claims and request for declaratory relief are rendered moot by the Court's conclusion that Farahi must be released because his continued detention is "unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 699-700. The Court therefore does not address the Petition's other claims and requested relief. *See S. Utah Wilderness All. v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997) ("A federal court has no power to give opinions upon moot questions or declare principles of law which cannot affect the matter in issue in the case before it.").